###### IN THE

# HIGH COURT OF ERRORS AND APPEALS

###### FOR THE

## STATE OF MISSISSIPPI.

---

## APRIL TERM, 1857.

### INGRAHAM and READ v. ALLEN T. BOWIE.

1. STATUTE OF LIMITATIONS : ABSENCE OF DEBTOR FROM THE STATE.—The Statute of Limitations, Hutch. Code, § 11, p. 831, will run without further deduction or intermission from the time a debtor first returns, notoriously and openly, into the State, so that he may be sued, notwithstanding he may at intervals be absent from the State.
2. SAME.—When a debtor has been absent from the State, on more occasions than one, after the accrual of a cause of action, these several periods of absence cannot be added together, and the aggregate time deducted from the running of the Statute of Limitations.

ON appeal from the Vice-Chancery Court for the Southern District of Mississippi, held at the city of Natchez, before the Hon. Benjamin C. Buckley, vice-chancellor.

The appellants filed their bill in the Vice-Chancery Court at Natchez, alleging that the appellee, Allen T. Bowie, in the years 1838 and 1839, executed and delivered several promissory notes to the late President and Directors of the Grand Gulf Railroad and Bank-

ing Company, a banking institution incorporated by the Legislature of the State of Mississippi, which notes were by the President and Directors of said Bank delivered to Ingraham and Read, in 1842. By judgment of the Circuit Court of Claiborne county, in 1846, the said banking institution was adjudged to have forfeited its charter, &c.

The defendant by his answer interposed the Statute of Limitations.

Other facts in the cause appear in the opinion of the court.

*Wilson* and *Eustis*, for appellants,

Cited, in arguing the Statute of Limitations, Ang. Lim. 149; 4 Mass. 182; Ang. Lim. 218; 8 Ala. 386; 3 Gilman, 637; 4 Gilman, 125; 19 Pickering, 578; 1 Cushing, 510; 24 Vermont, 626; 14 New Hamp. 14; 23 Vermont, 275; 16 Connecticut, 106.

*J. B. Coleman*, for appellee,

Upon the construction of the Statute of Limitations, referred to 2 Peters, 539; Chitty on Contracts, 233, 239; 4 How. 31; 6 Cush. 144; 2 Barbour, 315; Angell on Lim. p. 216, § 15; 1 Cush. 133; *Lapice* v. *Bacon* et al.

*J. Winchester*, for appellee.

HANDY, J., delivered the opinion of the court.

The material question, in this case, depends upon the construction to be given to the 11th section of the Statute of Limitations of 1844.

It appears that the several notes sued upon, had been due more than six years before the institution of the suit; and, in order to place them without the operation of the bar, the bill alleges that the defendant, since their maturity, had been absent from the State for great lengths of time, which are not to be considered in the application of the statute, and without such time of absence, that six years have not elapsed since the maturity of any of the notes. And upon this point it was admitted by the parties, "that, counting all the several times of absence of the defendant from the State, six years had not elapsed from the commencement of

Ingraham & Read *v.* Bowie.

the right of action, up to the filing of the bill; and that since the commencement of the right of action, the defendant has frequently been in the State—in one or two instances residing, during the summer, near Natchez; that more than six years since his first return to the State had elapsed, before the filing of the bill, and that those returns within the State were known to the complainants."

The saying of the section of the statute referred to, is as follows : " If any person or persons, against whom there is, or shall be, any cause of action, as specified in the preceding sections of this Act (except for the recovery of lands, tenements, hereditaments, or leases for a term of years), is, are, or shall be, out of the State at the time of such cause of action accruing, or at any time during which a suit might be sustained, on such cause of action, then the person or persons, who are, or shall be entitled to such action, shall be at liberty to commence the same against such person, after his, her, or their return to this State ; and the time of such person's absence shall not be computed a part of the time limited by this Act." And the question here presented upon this statute is, whether, where a defendant has been absent from the State on more occasions than one, after the accrual of the cause of action, these several periods of absence are to be added together, and the aggregate time deducted from the running of the statute, or whether the statute runs, without further deduction or intermission, from the time when he first returns into the State openly and notoriously, so that he might then have been readily sued. The former view is contended to be the proper construction of the statute, by the counsel for the appellants, who insist that the object of the exception was to allow the plaintiff the benefit of a deduction of all the time that the defendant might be absent, so that the defendant should be in the State, whether continuously or at intervals, a sufficient length of time to make up the actual period fixed by the statute, as a limitation to the action, in order to avail himself of the bar.

Let us examine this view, with reference to the language employed in the statute, and by the aid of the reason and policy upon which statutes of limitation are founded.

The statute has reference to two distinct classes of cases, in

which the absence of the defendant shall not be taken as a part of the time limited as a bar; the one is when the defendant shall be absent from the State *when the cause of action accrues;* and the other is, where *he shall be absent at any time during which a suit might be maintained* on the cause of action. If the provision had been merely what is contained in the latter clause of the section under consideration, that "the time of such person's absence shall not be computed as a part of the time limited by the Act," it would have been difficult to avoid the conclusion that all the time that a defendant might be "out of the State," in whatever way such absence might occur, should be deducted from the period of limitation fixed as a bar. But the provision is, that after an absence in either of the cases specified, the plaintiff shall *be at liberty to commence his action, after the defendant's "return" to the State;* "and the time of such person's absence shall not be computed a part of the time limited."

What "absence" and what "return" must have been contemplated by the language here employed? Take the case of an absence from the State at the time the cause of action accrued, and apply the terms of the statute to that particular case. Their plain meaning is, that, in that case, the plaintiff might bring his action *on the defendant's return* to the State, and that only such previous absence should not be taken as part of the time of limitation. In this respect, the provision is but the ordinary and familiar one, which excepts the time when the plaintiff was incapable of suing, by reason of the defendant's absence when the cause of action accrued, and is founded on the just reason that the statute should not run when the plaintiff, without fault on his part, should be prevented from suing by the defendant's absence. But there is nothing in the language to warrant the construction that, in such a case, any further exception should be extended after the defendant should "*return*" to the State, and be liable to suit. And if the saving in this section embraced only a case of absence at the time the cause of action accrued, and excepted that from the running of the statutory time, there could be no pretence that the concluding clause that "such person's absence shall not be computed a part of the time limited," would justify a deduction of a subsequent absence after the first return. And, the reason is, that the

statute only prevents the running of the time until the "return to the State."

How does the matter stand as to the other class of cases, where the defendant is "out of the State at any time during which a suit might be sustained?" The provision is, that the plaintiff may commence his action after the defendant's "return to the State," and that *such absence* shall not be computed, &c. What absence? Clearly that which occurred before his "*return;*" and, after his *return*, the exception is exhausted, and the statutory time runs on with no other interruption, in the same way as in the preceding case, in which the saving ceased upon the defendant's return to the State. But one return is contemplated in either case; and, after such return, the time prescribed moves on. In the one case, a deduction is made for an absence when the cause of action accrued, which ceases and the statute operates again upon the return of the defendant. In the other, an allowance is made for a supervening absence, after the cause of action accrued, and after the plaintiff might have sued, which also ceases, and the running of the statute is restored, upon the "return" of the defendant after such absence. But neither in the one case nor in the other is there an allowance for any additional absence after the return of the defendant, under the circumstances referred to, in each of the particular cases. For the provision is equally applicable to both cases, that the plaintiff may sue upon the return of the defendant to the State, whether the absence be before or after the accrual of the cause of action,—leaving the conclusion quite clear, that although that absence shall be deducted, yet that upon the return the action may be commenced, and there being no further exception after that time, the statute must thence continue to run without interruption.

The provision, therefore, in relation to the defendant being "out of the State *at any time* during which a suit might be sustained," and requiring that "*such*" absence shall be deducted, must be interpreted with reference to the antecedent words of the section respecting the duty of the plaintiff to sue *after the return;* and thus considered, the general words, which taken alone would seem to warrant the idea that all absences were intended to be deducted, appear clearly to be qualified so as to mean "*such*" absence as

occurred *before the defendant's* " *return*" to the State, and not all subsequent absences that might occur at any time.

. This view of the subject appears to be well sustained by considerations arising from the reason and policy of such statutes.

. The principle upon which limitations to actions are founded is, that stale demands shall be presumed to be satisfied after great delay in asserting them by suit; because, otherwise, the defendant may, by great lapse of time and the consequent death of witnesses or loss of evidence, be deprived of the means which he may have had to show that the claim has been discharged. Hence the policy of requiring diligence in bringing suits. But, whilst this duty is required of the plaintiff, his rights are protected when the failure to pursue his remedy has not been occasioned by any fault on his part. Hence, the ordinary savings in such statutes, including that with respect to absence from the jurisdiction and the consequent inability of the plaintiff to sue, which is founded on the just reason, that the defendant should not be permitted to take advantage of an apparent laches of the plaintiff, which he has himself caused. But these exceptions and qualifications must be taken with reference to the cardinal rule of diligence upon which the policy is founded; and, in all doubtful cases, a construction should be adopted which will promote diligence, and discourage delays in the institution of suits, because the policy of the statute will be thereby best promoted; and, while injustice to the plaintiff, in consequence of the conduct of the defendant, is guarded against, a rule should not be sanctioned which would tend to encourage laches and unreasonable delays on the part of the plaintiff, when his right to sue in due season was unobstructed,—for that would produce the very mischief and injury to the defendant which the statute was designed to prevent.

It is manifest from a view of the provisions of our statute, that the principle of diligence is strongly enjoined, and that very rigid limitations and stringent rules, with respect to exceptions and qualifications upon the general policy of the statute, are prescribed. And a construction of any of its provisions which would excuse want of diligence in bringing suits, by extending exceptions in cases where the plaintiff could and should have sued, would be con-

trary to the spirit and intent clearly indicated, and should not be sanctioned, unless the words plainly demand it.

The construction contended for in this case in behalf of the appellant would lead to results entirely irreconcilable with the spirit of the statute. This may be illustrated by instances which may quite naturally occur. Thus, the period of limitation upon a promissory note is six years. Suppose that the defendant, being in the State when the cause of action accrued, is in the habit of leaving the State, and spending five of every six months out of the State, returning once in every five months, and being notoriously here and liable to be sued for one of every six months, for six or any greater number of years. It would, in such a case, be in the power of the plaintiff to sue him to any term of the court; but yet if the time he was actually in the State was alone to be computed, there would be but two of every twelve months of the running of the statute, and instead of the action being barred in six years, it would not be barred until the lapse of thirty-six years of actual time, though there was really no impediment to the institution of the suit, for the argument is, that all the time of the defendant's absence, is to be deducted, and the time only computed when he is actually in the State; and if the construction contended for be correct, the fact that the defendant was in the State, and might have been sued to any term of the court for six years, would not alter the case, because being out of the State ten of every twelve months, that absence should be deducted by the express exception of the statute; that absences " at any time" should not be computed. So a citizen of Vicksburg or Natchez might be in the habit of crossing the river, and spending the greater part of his time in Louisiana on business; and if the construction be correct, all such times of absence should be deducted, though the right of action was never actually prevented to any term of the court by the defendant's absence; and thus the period of limitation might be extended beyond all reason, and an unjust claim maintained after the defendant had lost all means of defence against it, and after the lapse of a period of time which would have prescribed the claim even by the rules of the common law, apart from the statute. It is manifest that this would be in contravention of the policy of the statute, and would let in the very evil intended to be prevented by

it. Other cases might readily be supposed of the same nature, and presenting even more strikingly the conflict of the construction contended for with the true spirit and policy of the statute.

These considerations appear to us to show that the statute did not intend to dispense with diligence on the part of the plaintiff in bringing his suit, except to the extent to allow him to deduct the first absence of the defendant. Having the privilege to deduct that, which he might not have been able to anticipate, he is warned by that absence to pursue his remedy with diligence upon the defendant's return ; and that is a sufficient reason for allowing for no subsequent absences, and for holding the plaintiff to diligence in bringing his suit after the defendant's return.

We are, therefore, of opinion, that whether we regard the phraseology of the statute, or the reason upon which it is founded, the construction contended for by the counsel for the appellants cannot be maintained.

Several decisions from other States upon statutes similar to the one in question have been urged upon our consideration. They do not agree in their views of the subject, though the greater number appear to hold the construction contended for in behalf of the appellants. But we do not consider that view warranted by the language and policy of our statute, as we have above endeavored to show; and, however sanctioned, we cannot adopt a construction as applicable to our statute, which appears to us to be irreconcilable with its language and spirit when interpreted by the policy clearly manifested by it.

We therefore think that the decree dismissing the bill is correct, and it is affirmed.