## W. T. WITHERS *v.* THOMAS Q. BULLOCK.

1. EVIDENCE.   *Action of court below presumed correct.*
    Where evidence, excluded in the court below, does not appear in the record sent up, and the record does not contain enough to show that the circuit judge erred, this court will hold that the judge decided correctly in excluding such evidence.

2. STATUTE OF LIMITATIONS.   § 2157, *Rev. Code* 1871. *Absence of defendant.*
    Under § 2157, Code 1871, when a defendant pleads the Statute of Limitations, if he has been absent from and resided out of the State after the cause of action accrued, the time of his absence is to be deducted from the interval between the time when the cause of action accrued and the commencement of the action.

ERROR to the Circuit Court of Hinds County.

Hon. GEORGE F. BROWN, Judge.

The defendant in error sued the plaintiff in error in an action of assumpsit for money paid out and services rendered for the plaintiff in error. The defendant below pleaded the general issue, Statute of Limitations and payment. There was a verdict for the plaintiff below; and the defendant made a motion for a new trial, which was overruled, and a writ of error sued out.

*E. E. Baldwin* and *S. M. Shelton*, for the plaintiff in error, made several points based upon the admission or rejection of evidence, and as to the sixth instruction given for the plaintiff below insisted that it varies materially from the language of the statute, which is, " If, after any cause of action shall have accrued, the person against whom it has accrued shall be absent from and reside out of the State, the time of his absence shall not be taken as any part of the time limited for the commencement of the action." The instruction, however, suspends the statute from the time the person first leaves, after the cause of the action has accrued, until it is shown that he has returned *with the intent to reside in the State.* Rev. Code 1871, § 2157.

It is not necessary for a party to return *with intent to reside* in order to terminate " the time of his absence ; " but any return so as to bring the party within reach of process is sufficient. *Ingraham* v. *Bowie*, 33 Miss. 17. The instruction being erroneous, and having an evident tendency to mislead the jury, as in fact it clearly did, the plaintiff in error is entitled to a new trial. *Lombard* v. *Martin*, 39 Miss. 147 ; *Norfleet* v. *Sigman*, 41 Miss. 631.

*M. Dabney*, for the defendant in error.

1. It is unnecessary to refer the court to the repeated decisions in which it has been held that the court will not reverse on the ground that the verdict is contrary to the evidence, unless error on the part of the jury is manifest and patent.

2. If the sixth instruction given for the plaintiff below is erroneous, the plaintiff in error is not hurt by it. According to the testimony the case is taken out of the Statute of Limitations. The jury might easily have found their verdict without the instruction, and still have been sustained by the testimony.

But we claim that, as an abstract proposition of law, the instruction was correct. The case of *Ingraham* v. *Bowie*, 33 Miss. 17, is no precedent in this case, as the statute upon which it was founded and our present statute differ materially. The present statute, I conceive, was intended to cover precisely the case at bar, and the instruction is the result of the only proper construction of it.

CAMPBELL, J., delivered the opinion of the court.

The evidence in this cause is so conflicting, that the verdict should not be disturbed, as being manifestly wrong upon the testimony.

We do not perceive any error in the admission as evidence of the receipt identified as that given by Bullock to A. McPike. Nor can we determine whether it was proper or not to exclude " plantation book No. 2," offered by Withers. The book was before the circuit judge, and is not before us, nor does the record contain enough to enable us to see that the circuit judge decided erroneously in the rejection of this book, and, therefore, we must hold that he decided correctly as to this.

It is immaterial whether the sixth instruction given at the instance of the plaintiff below is correct or not, since it is manifest that, upon the testimony of Withers himself as to his absence from the State, the oldest item in the account was not barred by the Statute of Limitations. This item bears date 30th April, 1870. The suit was instituted 18th March, 1874. Withers removed from this State in June, 1871, and was absent from this State more than twelve months between that time and the commencement of this suit. He resided in Kentucky, and, though he returned and spent considerable periods of time in this State, was a mere visitor, and the time which elapsed after 30th April, 1870, and before his removal from the State, added to the several periods of his sojourn in this State, does not complete three years before the institution of this suit. The time of his absence after the cause of action accrued is not to be taken as any part of the time limited for the commencement of the action. Code 1871, § 2157. The time of his absence from the State cannot be counted in his favor, but is to be deducted from the time between the accrual of the cause of action and the commencement of the action.

The case of *Ingraham* v. *Bowie*, 33 Miss. 17, is not applicable to this case. That was the case of *absence* from the State : this is the case of *residence* out of the State and *absence* from it. The last clause of the statute cited applies to one who " *shall be absent from and reside out of the State*," and introduces a different rule from that announced in the case cited.

*Judgment affirmed.*