J. H. KENNARD, USE OF J. B. McGEHEE, AGENT, ETC., *v.* J. J. ALSTON.

1. LIMITATION OF ACTIONS. *Foreign judgments. Absence of defendant. Sections 2154, 2157, Code 1871.*

The limitation of actions upon judgments rendered by courts of record "without this State," as provided in § 2154 of the Code of 1871, was subject to the exception, as to the defendant's absence from the State, contained in § 2157 of that code, which had reference to "any cause of action mentioned in" the chapter of which the two sections were parts. *Maitland* v. *Keith*, 30 Miss. 499, and *Clements* v. *Brown*, 31 Miss. 93, distinguished.

2. SAME. *Code 1871. Debtor never in this State.*

The statute of limitations above referred to did not run in favor of a debtor who never came within this State.

APPEAL from the Circuit Court of Wilkinson County.

HON. J. B. CHRISMAN, Judge.

This action was instituted on the 7th of April, 1884, in the name of J. H. Kennard, to the use of J. B. McGehee, agent for the heirs of Edward McGehee, deceased, against J. J. Alston, upon a judgment recovered on the 5th day of January, 1872, in the State of New York. The defendant in his second plea in bar set up the statute of limitation of seven years, and in his third set up the ten years' statute of limitation. To these pleas the plaintiff replied respectively, that at the time his cause of action accrued,

and continuously up to the time of the commencement of the action, the defendant was and has been absent from and non-resident of this State. The defendant demurred to these replications, the court sustained the demurrers, and thereupon the plaintiff appealed.

*C. P. Neilson,* for the appellant.

The cases of *Maitland* v. *Keith,* 30 Miss. 499, and *Clements* v. *Brown,* 31 Miss. 93, upon which the court below sustained defendant's demurrers, were decided on the act of limitation of 1844, and in *Maitland* v. *Keith* the court bases its judgment on the language of the eleventh section, which allows the exception of absence only to " causes of action specified in the preceding sections of the act." The limitation on foreign judgments is in § 14, a subsequent section. A comparison of the sections on the same subject in the Code of 1871, with §§ 11 and 14 of 1844, will show the inapplicability of the authorities cited above to the case at bar. Section 2154, Code of 1871, fixes the period of limitation on foreign judgments at seven years, with a proviso that if at the time of the rendition the defendant was a resident of this State the period shall be three years, and § 2157 extends the exception of " absence " to " any cause of action mentioned in this chapter."

*D. C. Bramlett,* for the appellee.

Appellee's plea of the statute of limitations of seven years, as well as that of ten years, was a bar to the action, and the replications of appellant thereto were no answer, and the demurrer to these replications, which show that appellee was never a resident of this State, or rather fails to show that he ever was, was properly sustained, and there was no error in dismissing the suit. Suits on foreign judgments are barred against residents of this State after the lapse of three years and against non-residents after the lapse of seven years. Code of 1880, § 2675, and *Clements* v *Brown,* 31 Miss. 93.

COOPER, C. J., delivered the opinion of the court.

In *Maitland* v. *Keith,* 30 Miss. 499, and *Clements* v. *Brown,* 31

Miss. 93, it was held that the statute of limitations was not suspended by reason of the non-residence of defendants, against whom judgments had been rendered by courts of record out of this State. This conclusion was reached by a construction of the statute of 1844, in which, after declaring limitations in certain cases, it was provided by the eleventh section, " if any person or persons against whom there is or shall be any cause of action, *as specified in the preceding sections of this act,* is, are, or shall be out of this State at the time of such cause of action accruing, or at any time during which a suit might be sustained on such cause of action, then the person or persons who are or shall be entitled to such action shall be at liberty to commence the same against such person after his, her, or their return to this State; and the time of such person's absence shall not be computed a part of the time limited by this act." By a subsequent section of the act it was declared that " no action founded upon any judgment or decree obtained in any court out of the limits of this State shall be maintained in any court of this State, unless the same shall be commenced within six years after the rendition of said judgment or decree." The court in the cases noted expressly put its decision upon the ground that the exception was as to causes of action mentioned in the *preceding* sections of the act, while the limitations as to suits on foreign judgments were found in a subsequent section, the court saying in *Maitland* v. *Keith*, " the eleventh section of the act allows the exception contended for in this case but expressly confines it to the causes of action specified in the preceding sections of the act, thereby excluding it from cases like the present, which is regulated by a subsequent section." Section 2157 of the Code of 1871 declares that the exception therein provided for, to wit: absence from the State, shall be applicable to all cases mentioned in the chapter, and the chapter contains the limitation applicable to suits on judgments rendered in other States. The statute of limitations never began to run in favor of the defendant in this case, because he never came into the State.

*The judgment sustaining the demurrers to the plaintiff's replications is reversed and the demurrers overruled.*