E. L. LINDENMAYER ET AL. *v.* RALPH GUNST ET AL.

1. ADVERSE POSSESSION. *Non-resident. Limitation. Code* 1880, § 2678.

   A non-resident may acquire title to land by adverse possession held for
   him by others for ten years. Absence from the state does not prevent
   the running of the statute in his favor, since ejectment can be brought
   against the tenant. It is only where a right of action accrues *in this
   state,* and the person liable goes from and resides out of it, that § 2678,
   code 1880, applies to prevent the period of such absence from being
   counted.

2. STATUTE OF LIMITATIONS. *Ejectment. Demand for rent.*

   The statute of limitations of six years applies to the demand for rents as-
   serted by a plaintiff in ejectment.

FROM the circuit court of Wilkinson county.

HON. W. P. CASSEDY, Judge.

This is an action of ejectment, brought in July, 1892, by
E. Lindenmayer and other plaintiffs, about twenty in number,
against Gunst, to recover a large tract of land, and also rents
and profits. Gunst was a mere tenant of J. U. Payne, who
was admitted to defend in his stead. The land was originally
owned by Ben Rodgers, through whom both parties claim,
the plaintiffs claiming as remote heirs and devisees, and the
defendant, Payne, under mesne conveyances, beginning with
a trust-deed executed by Rodgers, and a foreclosure sale by
the trustee therein. It becomes unnecessary to set out the
chain of title relied on by either the plaintiffs or the defend-
ants, since the court finds as a fact that Payne has acquired
title by adverse possession. It was not controverted that
Payne and his immediate vendors had been in possession for
more than ten years, but it is contended, in behalf of appel-
lants, that, inasmuch as Payme was, during the entire time,
a non-resident of this state, the statute of limitations did not
run in his favor.

Section 2678, code 1880, is as follows: " If, after any cause. of action shall have accrued in this state, the person against whom it has accrued shall be absent from, and reside out of the state, the time of his absence shall not be taken as any part of the time limited for the commencement of the action after his return." The case was submitted to the court to be tried without a jury, and the court was of the opinion that defendant had acquired title by adverse possession, except as against one of the plaintiffs, who did not come of age until November, 1883, and gave judgment accordingly. The plaintiff in whose favor a recovery was had, recovered one one hundred and twentieth part of the land, and a like proportion of the rents.

The court held that the six-year statute of limitations applied to the demand for rents, and, as the successful plaintiff had been of age for more than that length of time before suit was brought, he recovered rent for only six years. The plaintiffs have appealed.

*A. G. Shannon,* for appellants.

The statute of limitations has not run against the plaintiffs, because Payne, and all persons through whom he claims, were non-residents of this state. There is no good reason why § 2678, code 1880, shall not apply to actions for the recovery of land as well as to personal actions. In the adoption of the code of 1857, real actions were omitted from the exception for absence, and placed on the same footing with other actions. The statute has remained substantially the same since the adoption of that code. For the same reason, the claim to recover rents has never been barred.

*D. C. Bramlett,* for appellees.

Section 2678 has no application to a case like this. It applies only to personal actions, where, because of defendant's absence, a suit cannot be brought. The plaintiffs could have brought suit at any time against the tenant.

CAMPBELL, C. J., delivered the opinion of the court.

The judgment is correct. Payne acquired title by adverse possession for ten years. Section 2678, code of 1880 (§ 2748, code of 1892) has no application. It applies only where a cause of action accrues *in this state*, and the person against whom it has accrued goes from and resides out of the state. A non-resident may acquire title to land by adverse possession held for him by others. An action against the tenant would give the possession to the true owner, and prevent the, ripening of the possession into title.

The successful plaintiff had no right to rent for more than six years.

*Affirmed.*