CHASE T. ROBINSON *v.* JULIA A. MOORE.

1. STATUTE OF LIMITATIONS. *Absence from state. Code of* 1892, § 2748.

   Code of 1892, § 2748, excepting from the operation of the statute of limitations the time during which the defendant was absent from and resident out of the state, applies where defendant has not been in the state at all as well as when the defendant resided here at the time the cause of action accrued and subsequently removed.

2. SAME. *Foreign statutes. Code of* 1892, § 2754.

   Code of 1892, § 2754, providing that causes of action barred by the laws of other states or countries where they accrued, or where the defendants resided before coming to this state, shall be barred here, does not apply if the defendant has never resided in this state.

FROM the circuit court of Noxubee county.

HON. G. B. HUDDLESTON, Judge.

The facts are stated in the opinion of the court.

*Calhoon & Green* and *J. E. Rives,* for appellant.

In order to a correct conclusion in the construction of the statute involved, it is necessary to examine carefully the language of all the statutes on the subject: Hutch. code, p. 827, clause 12; code of 1871, § 2157; code of 1880, §§ 2684, 2748; code 1892, § 2754.

In the discussion of this case we really have no sort of concern with clause 12, Hutch. code, p. 827, with § 2157 code of 1871, or with § 2678, code 1880, or with § 2748, code of 1892, but it is proper to consider these sections and the cases on them in order to correctly determine the trend of the court of last resort of this state, and also the changes made by the

legislature, so that a proper conclusion may be reached as to the causes of the changes in the statute.

Clause 12, p. 827 Hutch. code, has been the subject of consideration by this court but once, and that is in an opinion by Chief Justice Sharkey in the case of *Estes* v. *Rawlins*, 5 How. (Miss.), 258. This opinion was based on what the court calls "the broad and unequivocal enactment" itself. The argument was made in that case by Judge Daniel Mayes that the word "return" in the latter clause of the statute shows that it could only apply to a person who had gone out of the state, inasmuch as no one could return to a place unless he had once been in it. Judge Sharkey holds that the statute applies to defendants who never had been in the state as well as to those who had been in and gone out of the state, and he says that the word "return" is the only thing favoring a different construction, and there could be no good reason for allowing that to control and limit the unmistakable terms of the statute itself. It will be noted that statute distinctly provides that the limitation cannot be set up by any one against whom there is a cause of action who shall be out of the state at the time it accrued or during the time of such action. It is plain that this statute and the judicial construction of it cannot have any reference whatever or throw any sort of light upon the matter now before the court.

The next statute which appears is § 2157 of the code of 1871, being the only section in that code on the subject, and this section has been judicially construed to apply to cases where the defendant was a nonresident at the time the cause of action accrued. The court will note that in neither one of these statutes is there anything said about the cause of action accruing "in this state." Some of the cases construing this section will be found in 50 Miss., 267; 51 Miss., 291; 53 Miss., 541, and 62 Miss., 763. The decisions, it is clear, shed no light on the cause at bar. We ask attention to the wording of this section, 2157. It seems to confine itself to the time when any

cause of action accrues and after any cause of action accrues, and does not in either case contain the words " in this state," and the code of 1871 is absolutely silent as to the matters involved in § 2754 of the code of 1892.

Section 2748 of the code of 1892 puts in the words " in this state," which nowhere appear in any precedent statute, and provides that if after the cause of action accrues in this state the defendant shall be absent from and reside out of the state, the time of absence shall be deducted after his return. This section, as we have before stated, is precisely the same as § 2678 of the code of 1880, and has been repeatedly construed by the supreme court, as will be seen by Judge Campbell's notes to that section of the code of 1880, and also in 60 Miss., 832, and 66 Miss., 239.

In the case of *Lindenmeyer* v. *Gunst*, 70 Miss., 693, the supreme court construed § 2678 of the code of 1880, and held that it was only where the right of action accrues in this state and the person goes from and resides out of the state, that the section applied to prevent the running of the statute of limitation. This decision is extremely significant in support of the words " in this state " meaning where a person was in this state, could be sued, and then went out of it, and Judge Campbell said: " It applies only where a cause of action accrues in this state and the person against whom it has accrued goes from and resides out of the state."

It cannot be imagined why the words " in this state " should be added upon any other basis. A cause of action accrues to any person anywhere in the world who holds the claim when it is due. It would accrue to a man in this state or any other state or country. Our position is that the whole scope of the statute shows that the words of the statute, " in this state," have reference to the cause of action which may be sued on and the party found in this state. If this is not the true view, what can be the sense of § 2754 of the code of 1892, which is the same as § 2684 of the code of 1880, which speaks of a cause of action

accruing in some other state, and also speaks of a cause of action accruing in this state, where the defendant has resided before he resided in this state. The whole scope of it shows that the serious modifications of the statute from that of Hutchinson's code are made in consonance with the uniform tendency of the courts to a liberal construction of the statutes of limitation in favor of the repose of society and to give anyone exemption where he is exempted by the law of the state in which he lives.

.Now, § 2754 appears for the first time in the code of 1880, and is the precise statute upon which we rely in the case at bar, and means what it says—that no person against whom a cause of action has accrued in some other state by the law of which the action is barred, can be sued in this state. This section has undergone consideration in the supreme court but once, and that is in the case of *Railroad Co.* v. *Pool,* 72 Miss., 487, in which case an action was brought for an ox killed by the company, and the company set up the statute of limitation of Alabama of six months, and this court held, Judge Campbell delivering the opinion, that the section had in view the case of a nonresident protected by the bar of the statute of limitation of the state where he resided, who afterwards came into this state, and we insist that the court seems to take it for granted that but for the fact that the railroad company resided in both states, the Alabama law would prevail.

We ask special attention to the case of *State* v. *Furlong,* 60 Miss., 846. It will be noted that this case was construing § 2678 of the code of 1880, which is the same as § 2748 of the code of 1892, and does not touch the section on which we rely, but is quite significant in determining the construction of the section on which we base our defense. The Furlong case held that the absentee, in order to have the benefit of the statute of limitation, must reside out of the state, and have no residence here, and leave no means here of proper service on him, and this after there was a cause of action against him which might at one time have been enforced.

against him by proper process in this state, because, the court suggested, if any other was the intent of the legislature, the creditor would have to sue, and may by catching him "on the wing."

It seems to us impossible to examine the law under Hutchinson's code and that under the code of 1871 and that under the code of 1892, and fail to see that § 2754, annotated code of 1892, was enacted with the particular view of covering a case where a man might be sued in another state where he had a residence and is protected by the laws of that state. If this be not true, we fail to perceive any reason for the enactment of § 2754 of the code of 1892, because every other conceivable state of case would be covered by the other act. The growth of the law in judicial decisions has been uniformly towards a liberal construction of statutes of limitation in favor of the repose of society. A very lucid and cogent opinion on the subject is to be found in *Hyman* v. *Bayne*, 83 Ill., 256, which we ask this court to examine. We also call attention to *Wernse* v. *Hall*, 101 Ill., 423; *Sloan* v. *Waugh*, 18 Iowa, 234; *Pitchell* v. *Hopkins*, 19 Iowa, 531.

Solely under the adjudications, it ought not to be held that a citizen of Tennessee could sue a citizen of Mississippi in Tennessee, which citizen had a residence in Mississippi, where the cause of action accrued, and continuously for ten to twelve years thereafter. The appellant in the case at bar had a fixed residence in the State of Tennessee, where the debt was contracted, and the creditor knew he could always find the appellant in that state and sue him there, but failed to do so until the bar of the statute of limitation of Tennessee attached. If the bar is not complete, it is difficult to see why, and if the bar is complete, by the lapse of the statutory time in Tennessee, it would never become barred, and there might occur the monstrosity, as developed in the case of *Putnam* v. *Dike*, 79 Mass., 535, where there was recovery of a debt with forty years' interest on it, a situation commented upon in several cases as a curiosity of jurisprudence.

*C. B. Ames,* for appellee.

The question is, whether or not a citizen of Tennessee can successfully plead the statute of limitations of Mississippi, on a Mississippi contract, against a citizen of Mississippi, when he has never been within the state, or within reach of the process of its courts? On principle and in reason, to ask the question is to answer it in the negative. Had Robinson been a citizen of Mississippi, and absent from the state only half the time, he could not have availed himself of the statute. Shall a nonresident and a stranger be granted rights and privileges under our law which are denied to our own citizens? This point has been expressly decided by our court in *Kennard* v. *Alston,* 62 Miss., 763. In that case suit was brought against a nonresident in 1884, upon a judgment rendered in New York in 1872. The defendant pleaded the statute of limitations. Code 1880, § 2675, provided that "all actions founded on any judgment or decree rendered by any court of record without this state, shall be brought within seven years after the rendition of such judgment or decree, and not after." To this the plaintiff replied that the defendant had been a nonresident continually since the rendition of said judgment, and absent from the state. The question raised in that case, was, therefore, on all fours with the point now under consideration. There is absolute identity between the point raised there and the point now being discussed. In that case our court held that "the statute of limitations never began to run in favor the defendant in this case, because he never came into the state."

In my judgment this case is conclusive of the question. It clearly distinguishes the cases of *Maitland* v. *Keith,* 30 Miss., and *Clements* v. *Brown,* 31 Miss., for the reason that when those cases were decided, by the express terms of the statute then in force, the exception of nonresidence did not apply. The court was clearly right in that position, and I shall content myself, in relying upon that opinion, to distinguish those two cases from the case at bar. In this case, as in that, coun-

sel for appellant rely upon *Maitland* v. *Keith* and *Clements* v. *Brown*, at least they did in the lower court, but they are clearly inapplicable, and our court has already so held.

Notwithstanding the case of *Kennard* v. *Alston*, appellant contends that § 2748, code 1892, creating the exception for absence, does not apply to him because he has been and is a nonresident. To support this contention they rely upon *Pindell* v. *Harris*, 57 Miss., 739, and *Lindenmayer* v. *Gunst*, 70 *Ib.*, 693, and some changes in the verbiage of the statutes, which I will notice at the proper time.

In *Pindell* v. *Harris*, the court say: " The clause [the exception for absence] refers to those who, residing here when the right of action accrues, shall thereafter remove elsewhere." And upon this statement appellant bases his claim that the exception does not apply to one who has never resided here, and, consequently, has never removed elsewhere. There are several complete answers to this contention. In the first place, the language quoted is an *obiter dictum*. In that case the facts were that, at the time the statute began to run, Mrs. Harris resided in Mississippi, and continued so to reside for four and one-half years. She then moved to Memphis. Later she returned to Mississippi, and remained fifteen and one-half months. She then returned to Memphis. The two periods of time spent in Mississippi aggregated five years, nine and one-half months. While living in Memphis she spent from three to five months on a visit to Mississippi. If this time counted, the statute protected her; if not, it did not. The only question before the court was whether or not it counted. There was no occasion for the court to consider or pass upon the point whether or not the exception for absence applied to those who had never been present, and I have no idea that they intended to announce a rule upon that proposition. Construing the language of the court in the light of the facts and the question presented, it seems clear that they did not so intend; and if they did, the ruling was not authority because it was *obiter*. In the

second place, the case of *Kennard* v. *Alston, supra,* is later by
several years.    The exact point is there presented and expressly
decided upon the interpretation of a statute identical with the
one now in force.

*Lindenmayer* v. *Gunst, supra,* is equally inapplicable.    It is
true the language is rather broad, as in *Pindell* v. *Harris,* but
an analysis of the case shows that its decision rested upon an
entirely different process of reasoning.    That was an action of
ejectment brought by Lindenmayer *et al.* against Gunst, a ten-
ant of certain lands owned by Payne, a nonresident of this state.
Payne was admitted to defend, and pleaded title by adverse
possession for ten years.    Plaintiff admitted the possession but
replied that Payne had been a nonresident during that time, and
absent from the state, and consequently that the statute did not
run in his favor.    Of course it was clear that the title of Payne
had been perfected by the statute, for the reason that the plain-
tiffs, during the whole time, had never been denied their right
to sue.    Our court has always held that the reason of the ex-
ception is, that the plaintiff cannot sue, and that if the right to
sue remained unimpaired, notwithstanding the absence, the case
does not fall within the exception.    *French* v. *Davis,* 38 Miss.,
218.    The court expressly rests its decision upon the fact that
Lindenmayer could have brought his action against the tenant
and thus prevented the bar of the statute.    The case at bar
rests upon a wholly different basis.    *Kennard* v. *Alston* is the
only case in which our court has expressly passed upon this
point, and that decision has never been questioned.    It not only
announces the law, but the law announced is entirely consonant
with reason and justice.

Appellant further contends that the use of the words "after
his return," in the statute, show it is not intended to apply to
nonresidents.    But it has been uniformly held that the words
quoted apply to the coming into the state of one domiciled
abroad, as well as to the return of an absent citizen.    Buswell
on Lim. & Adv. Poss., sec. 117.    Not only is that the general

rule, but it has, by express decision, been the law of this state
for about sixty years.    In 1840 our court held that the word
"return" in a similar statute applied to coming into the state
of a nonresident, as well as to the return of a citizen, and that
the use of that word did not exclude nonresidents from the
operation of the statute.    The language of the opinion delivered
by Sharkey, C. J., applies so well to the case at bar that I quote
the following:  "The reason and justice of the enactment apply
as well to those who have never been in the state at all as to
those who have not been in it since the cause of action accrued.
It was evidently intended that the remedy should not be barred
until there had been ample time and opportunity to enforce it,
under the laws of the state.    Until the defendant came within
the jurisdiction of our courts, there was no such opportunity.
The only remedy in this case was by personal action, that did
not exist until the defendant was subject to the jurisdiction of
the state courts, and, of course, it could not be barred until it
had an existence."    *Estis* v. *Rawlings*, 5 How. (Miss.), 258.

This has been the accepted law of the state since 1840, or,
at least, I have been unable to find any other case in which the
point has been raised.    Yet, after six years of repose, appellant unearths the proposition with which he makes the attempt
to defeat the payment of a just debt.

Section 2157, code 1871, contains two clauses.   The first is
omitted in the codes of 1880 and of 1892, the latter being brought
forward.    Appellant contends that the omission of this first
clause shows that the legislature did not intend that the exception for absence should apply to nonresident citizens of other
states.    This position is untenable for two reasons.    First, the
code, 1880, for the first time introduced § 2684, providing that
actions accrued and barred in another state shall not be maintained against persons removing into this state.    The first clause
of § 2157, code 1871, could not be brought forward because it
would conflict with this new provision, and this is probably the
cause of its being dropped.    An examination of the sections

will show the conflict.   Another conclusive reason why appellant's position is untenable, is that our court has passed upon the construction of § 2678, code 1880, which is the second clause of § 2157, code 1871, and has held that the section, after the omission of the first clause, as it stands in the codes of 1880 and 1892, applies as well to citizens of other states as to absent citizens of this state.   *Kennard* v. *Alston, supra.*

WHITFIELD, J., delivered the opinion of the court.

Appellant, in Pulaski, Tenn., on June 26, 1889, executed the note sued on, payable to appellee, in renewal of an indebtedness which had originated in Mississippi, making the note payable in Macon, Mississippi, at the Farmers' & Merchants' Bank. At the time this note was executed, and ever since, appellant was and has remained a citizen of Tennessee, and appellee was and has remained a citizen of Macon, Mississippi.   The note was payable one day after date.   Suit was instituted by attachment, July 21, 1896, more than six years after the maturity of the note.   Appellant pleaded the six years' bar of § 2737, code of 1892, and the six years' bar of the statute of Tennessee, in connection with § 2754 of the code of 1892.

Let us treat these defenses in order.   To the plea of the bar set up by § 2737, the plaintiff replied the exception contained in § 2748, code of 1892, and this presents the question whether the absence and nonresidence provided for in § 2748 applies to the case of one who is absent from and resides out of the state by reason of never having been in the state, as well as to the case of one who is absent from and resides out of the state by reason of having gone out of the state and acquired a residence abroad after the cause of action accrued in this state.   Can a citizen of Tennessee plead the statute of limitation of Mississippi, on a Mississippi contract, against a citizen of Mississippi, when he has never been in the state or within reach of the process of its courts ?   Appellant involves himself, at the threshold, in the unreasonableness of admitting, as he must, that, had he

resided in this state half the period of the bar, and then absented himself from the state and acquired a residence abroad, he could not plead the Mississippi statute (§ 2737), and yet contending that, though he has always absented himself from the State of Mississippi, and had his residence in Tennessee, he may plead it.   This would impute to the legislature the absurdity of allowing a nonresident a larger protection under a Mississippi statute of limitations (§§ 2737,  2748, and 2754) than the resident of the state has.   In other words, the debtor who never was in the state could defeat his creditor by pleading the six years' statute, but the resident debtor, against whom a cause of action had accrued and who had left the state, could not so defeat his creditor if he came back into the state, and was sued here, after his return, ten years after the accrual of the cause of action.   Such a construction of the law would be monstrous.

We regard the case of *Kennard* v. *Alston*, 62 Miss., 763, as decisive of the correctness of our view that § 2748 applies as well to one who never was in the state as to one who, being here, had gone and resided abroad.   In that case suit was brought against a nonresident, in 1884 (when the code of 1880 governed, in which the law of §§ 2748 and 2754, code 1892, was first introduced), upon a judgment rendered in New York in 1872.   The defendant pleaded the seven years' bar against actions on foreign judgments, provided by § 2675, code 1880, just as here § 2737 is pleaded.   The plaintiff replied that the defendant had been absent from the state and a nonresident continuously since the rendition of the judgment.   The contention was, manifestly, that the exception contained in § 2768, code 1880 (identical with § 2748, code 1892) applied to the case of one who had always been absent from and resided out of the state; and that contention was sustained, the court deciding as the only point before it for decision, that the defendant was not protected by the bar, because he had never been in the state.   Without such construction, the decision was compelled

to have been otherwise, for the code of 1880 governed as to the remedy, and the suit was brought in 1884. And we think the decision, on the statute, and on reason and principle, correct.

Appellant cites *Pindell* v. *Harris*, 57 Miss., 739, and *Lindenmayer* v. *Gunst*, 70 Miss., 693, as announcing a different construction of § 2748, but a careful reading of those cases will show that the state of case presented here, and in *Kennard* v. *Alston*, was not in the mind of the court, and what was in those cases said was not applicable here. *Pindell* v. *Harris* was decided before *Kennard* v. *Alston*, and the only question decided therein (a case, too, where the debtor was a resident of Mississippi when the cause of action accrued) was whether the time of Mrs. Harris' five months' visit to Mississippi was to be counted. And it is, of course, obvious that in *Lindenmayer* v. *Gunst*, 70 Miss., 693, Mr. Payne's tenant in possession could have been sued in ejectment at any time during the ten years which were allowed to elapse without suit. Section 2748, of course, had no application, but not for the reason stated. *Kennard* v. *Alston* is the only decision we have on the precise point here involved, and it is square decision.

The argument based on the use of the word "return," in § 2748, was answered in *Estis* v. *Rawlins*, 5 How. (Miss.), 258, by Sharkey, C. J., wherein the court, construing clause 12, p. 827, Hutchinson's code, where it is used in an identical connection, held that the exception applied as well to absence or absence and nonresidence of one who had never been in the state, as to absence or nonresidence of one who left the state after the cause of action accrued. Said the court: "The reason and justice of the enactment apply as well to those who have never been in the state at all, as to those who have not been in it since the cause of action accrued. It was evidently intended that the remedy should not be barred until there had been ample time and opportunity to enforce it, under the laws of the state. Until the defendant came within the jurisdiction of our courts

there was no such opportunity.   The only remedy in this case was by personal action; that did not exist until the defendant was subject to the jurisdiction of the state courts, and, of course, it could not be barred until it had an existence.''    Section 12 of Hutchinson's code, p. 827, provided, therefore, as thus construed, at the time, for the case of absence, or absence and nonresidence, whether existing at '' the time of such cause of action accruing,'' or '' at any time during which a cause of action might be sustained.''    In the codes of 1857 and 1871 (§ 2157, code of 1871) these two categories were put into separate clauses by the legislature, of course with the construction placed upon them in *Estis* v. *Rawlins*, interpreting them.    The first clause of § 2157, of code of 1871, provided thus for absence or absence and nonresidence, existing at the time the action accrued.   The second, for such absence and nonresidence after the cause of action accrued.    The thing dealt with was such absence or absence and nonresidence, as the case might be, whether existing when the cause of action accrued or afterwards, and the time of such absence, or of such absence and nonresidence, as the case might be, was to be deducted, whether it existed in the case of one who never had been in the state at all, or in the case of one who, having resided here, absented himself from the state and acquired a residence abroad, after the cause of action accrued. He who never had been in the state was as much absent from and residing out of the state as one who had resided here but had gone out of the state and acquired a residence elsewhere. The case of either satisfied the language of § 2748, and both were, as in *Estis* v. *Rawlins*, within the reason of the statute.

*Withers* v. *Bullock*, 53 Miss., 541, does say that § 12 of Hutchinson's code, p. 827, related to absence alone, and, hence, that the construction of it, in *Ingraham* v. *Bowie*, 33 Miss., 17, was not applicable to the case of a nonresident.    But *Ingraham* v. *Bowie*, rested on *Estis* v. *Rawlins*, which was not referred to in *Withers* v. *Bullock*, and which expressly declared that § 12 of Hutchinson's code referred as well to nonresidence and ab-

sence as to mere absence.   Whatever may be the true rule on the point for decision between *Ingraham* v. *Bowie* and *Withers* v. *Bullock*—the aggregating and deducting of periods of absence in the cases of absentees and nonresidents—we do not think that rule material here.   It cannot be doubted that it never was the purpose of the legislature, in enacting §§ 2748 and 2737, code 1892, to provide that a resident of Mississippi was to be barred from suing, on a Mississippi contract, payable in Mississippi, the debtor who had always been absent from and resident out of Mississippi by the lapse of six years from the accrual of the cause of action.   That would, as stated, give the nonresident debtor larger protection under the statutes than the resident debtor, and would, besides, impose upon the creditor the duty of ascertaining the residence of the nonresident debtor, in whatever part of the earth resident, and suing him there, and all within six years.   We therefore hold the plaintiff not barred under §§ 2737 and 2748 of the code of 1892—the Mississippi statutes.

We turn now to § 2754, in connection with the Tennessee statute.   The history of this section (2754) is as follows: In *Perkins* v. *Guy*, 55 Miss., 153, the creditor and debtor had both resided in Tennessee, where, also, the cause of action had accrued, for the full period of the bar—six years—and for two years thereafter, without suit.   After the death of the debtor, the creditor sued Perkins, the administrator of the debtor, who was a resident of Mississippi, and the defendant set up the Tennessee statute of six years.   This was disallowed, our statute of limitations—the statute of the forum—being held to apply.   The court threw out the suggestion that " whether it would not be wise to alter the rule where both parties were resident in another state, whose statute had barred the remedy," was not worthy of the serious consideration of the legislature.   This was in 1877.   And when the code of 1880 was adopted, in response, presumably, to that suggestion, § 2684 of the code of 1880 (§ 2754 of the code of 1892) was enacted, and the first

clause of § 2157 of the code of 1871 was dropped; and in § 2678 of the code of 1880 (§ 2748 of the code of 1892), the words "in the state" were for the first time introduced after the words "if after any cause of action shall have accrued."

It is insisted by appellant that the dropping of the first clause of § 2157 of the code of 1871 shows that thereafter the time of mere absence, or of absence and nonresidence, was never to be deducted, save only in the case of one who, after a cause of action accrued against him here, removed from the state and acquired a residence abroad. We think the sound view is that it was dropped because of the necessary conflict between it and § 2754 and § 2678, code of 1880. Under the first clause of § 2157, the time of absence, or absence and nonresidence, was to be deducted. Under § 2678, such time was, in the cases provided for by it, not to be deducted. They could not stand together. After it was dropped, the time of such absence and nonresidence was to be deducted in all cases where the resident debtor, against whom a cause of action accrued, absented himself from the state and acquired a residence abroad, and also in the cases where a debtor had always been absent from and resided out of the state, except as qualified by § 2684 (§ 2754, code of 1892).

Looking now to said § 2684, it is clear, on its face, that it applies, as held in *Railroad Co.* v. *Pool,* 72 Miss., 490, to the "case of a nonresident protected by the bar of the statute of limitation of the state or county in which he has resided against a cause of action there arising, who afterwards moves into this state." Whether it means, as counsel for appellee insists, that plaintiff and defendant ("both parties," as said in *Perkins* v. *Guy*) must have resided in the same state (where the cause of action accrued) till the bar of that state has attached or not, it is certain that it means the bar of the other state can be set up by the debtor, when sued here, only in case he has come here to reside, and does reside here. Whatever the object of the statute, whether to encourage immigration or not, that is its plain declaration.

Very ingenious arguments are made on both sides as to where a cause of action accrues. There is much force in the view of appellee that the cause of action accrued in Mississippi, where payable, and that hence it did not accrue in Tennessee, and for that reason § 2754 does not apply. In Indiana and Maryland the statutes expressly provide that absence and nonresidence shall not be deducted where the cause of action arises in the state, and the defendant is then absent or nonresident, if the creditor shall sue, within the time limited, after the defendant's presence in the state. Wood Lim. Act., sec. 244; *Wood* v. *Bissell*, 108 Ind., 231 (9 N. E., 425). But on this point we decide nothing, resting our decision on the ground that the defendant has never resided in this state. We do not, therefore, think that the appellee is, on the facts of the case, barred by § 2754 and the statute of Tennessee. As to the other assignments of error, it is sufficient to say that we find no reversible error.

*Affirmed.*