WILLIAM T. ANDERSON ET AL *v*. ALBERT T. MCNEAL ET AL.

1. STATUTE OF LIMITATIONS. *Must be pleaded. Debtor.*
    Unless the statute of limitations be pleaded by the debtor it is unavailing as a defense.

2. SAME. *Other creditors.*
    The unsecured creditors of a debtor cannot compel him to plead the statute of limitations as a defense to his secured debt.

3. SAME. *Mortgage to secure barred debts.*
    A *bona fide* conveyance 'by a debtor to secure some of his creditors cannot be avoided by his other creditors without offering to pay the secured debts.

FROM the chancery court of Tunica county.

HON. A. McC. KIMBROUGH, Chancellor.

Anderson and others, appellants, were complainants in the court below; McNeal and others, appellees, were defendants there. The suit was an attachment in chancery by complainant Anderson and others, against McNeal, a nonresident of this state and others, all the defendants being residents of Tennessee. The writ was levied upon lands. The bill averred that certain conveyances made by McNeal to his codefendants were fraudulent and void because they were voluntary and were executed with the intent to defraud complainants in the collection of their debts, and it prayed that these conveyances should be vacated and annulled and the lands subjected to the payment of the debts due complainants. The answer of the defendants denied the fraud, charged that the conveyances were made by McNeal to secure certain debts due by him to his codefendants, and were in fact mortgages for that purpose. These debts were pleaded and the date of the maturity of each was shown to have been more than six years before

the beginning of the suit.    This answer was made a crossbill against complainants, and it prayed for the sale of the lands as upon a foreclosure of the mortgages, the proceeds to be applied first to the satisfaction of the debts propounded in the crossbill, and the balance, if any, to be applied to complainants' debts. The complainants demurred to the crossbill on the ground that the claims propounded by it against McNeal were barred by the statute of limitations.    The court below overruled the demurrer and the complainants appealed to the supreme court.

*St. John Waddell,* for appellants.

Section 2737, Code 1892, prohibits all actions on notes unless brought within six years after the cause of action accrues. Section 2733 of said code prohibits a suit in equity for the foreclosure of a mortgage or deed of trust unless brought within the time in which suit at law on the debt secured might have been brought at law, and provides that when the remedy at law to recover the secured debt is barred the remedy in equity on the mortgage shall also be barred.

The case of *Wright* v. *Mordaunt,* 77 Miss., 537, opinion delivered by Judge Calhoon, will be found to be a case almost on all fours as to facts with the case at bar except it was a suit at law on a note, whereas the present action is a suit in equity with the additional relief asked of foreclosing a mortgage on Mississippi land.    That was a case where the note sued on was executed in the state of Illinois and made payable in the state of Illinois, and both parties to the note resided in that state at the time of its execution and maturity, and under the laws of the state of Illinois the note was not barred by the statute of limitations of Illinois.    The maker of the note came to Mississippi and was sued here by the payee and he plead the statute of limitations of six years under sec. 2737, Code of 1892, and the court held that said statute governed, and in cases like that one there were no exceptions to deprive a defendant of the right

to invoke the bar thereunder and that sec. 2748, of the Code of 1892 did not apply.

Not only does sec. 2737 apply in the case at bar, but sec. 2755, of. the Code of 1892, further declares that, when the period of limitation prescribed has been completed, that not only the remedy for the collection of the debt is barred, but the right itself is gone.

To state appellant's contention more clearly, it is as follows: The debt in question is a Tennessee debt, made in Tennessee and payable in Tennessee, and both the maker and payee have never resided in Mississippi and have always been and are now nonresidents of that state, and more than six years has elapsed since the debt became due, and appellant attached the land for the payment of a debt which was owing them by the debtor at the time he created the debt in controversy, and at the time he executed the mortgage securing that debt, and the debtor and the beneficiaries in the mortgage now come forward and ask that the mortgage be foreclosed and the secured debt paid, and appellant replies by the bar of section 2737 of the Code of 1892.

Appellant does not plead the statute of limitations of Tennessee, because that statute only affects the remedy for the collection of the debt and not the right to collect, and it is conceded that where the statute only affects the remedy and not the right, then the pleading of the bar is a personal privilege of the debtor and cannot be availed of by third parties.

Therefore appellants rely exclusively on the statute of Mississippi, the law of the forum, to-wit: The limitations of six years prescribed by sec. 2737, of the Code of 1892, and sec. 2755, of said code, which provides expressly that when the period of limitation has expired it not only extinguishes the remedy but defeats and extinguishes the right also. In other words, when six years had passed after the maturity of the

debt, not only is the right to collect the debt gone, but the debt itself is extinguished.

This statute operates on the debt itself and abrogates it by the limitation of time without suit, and makes the bar of the statute of limitations in Mississippi of the same force and affect as if the debt had been paid, and a fact which can be set up and relied on by any interested third party.

*Patterson, Neely & Henderson* and *Gilmer P. Smith,* for appellees.

No one but McNeal could set up the statute of limitations, and as McNeal does not plead the statute there is nothing to prevent the enforcement of the debts and the beneficiaries in this state. This has been expressly decided by this court in the case of *Perkins v. Guy,* 55 Miss., 177.

McNeal not only does not plead the statute, but he actually joins in the cross bill praying the court to execute the trust, and to pay these debts out of the lands which he originally conveyed to Bills for their security.

We confidently submit that the notes are not barred by sec. 2737, of the annotated code, and that the statute of limitations of Mississippi has no application in this case because no one of the parties, appellants or appellees, ever at any time resided in Mississippi. We insist that section 2748, of the Annotated Code, when construed in connection with section 2744, governs this case.

If the land had not been situated in Mississippi, the Tennessee statute, of course, only would apply. In other words, if a citizen of Tennessee should sue another citizen of Tennessee in the court of Mississippi on a Tennessee debt, the court would, in respect of the statute of limitations, simply enforce the law of Tennessee under sec. 2754; but in this case it may be conceded that the land is situated in Mississippi, and as the conveyance to Bills was, in point of fact, according to the

theory of the cross complainants, a mortgage and not an absolute deed, it follows that a cause of action accrued in this state to foreclose the mortgage. At the maturity of the notes, the holders could have filed a bill in the chancery court of Tunica county setting up the facts averred in the cross bill and secured a foreclosure of the mortgage and a sale of the lands for the payment of their respective debts. This being so, did the statute of limitation of Mississippi run as against nonresidents residing in Tennessee in favor of nonresident creditors residing in Tennessee, or was it suspended under sec. 2748?

To state the proposition in another form. For the reason that the holders of the notes did not come into Mississippi after the maturity of their respective notes and file a bill to foreclose the mortgage, can other creditors residing in Tennessee come into Mississippi and attach the land held by John H. Bills for security, and rightfully claim that the debts of the beneficiaries are not only barred, but extinguished, and therefore the court will apply the lands to the payment of the debts of the attaching creditors? Or put the case in another form. Could McNeal, a debtor, who never resided in Mississippi, come into the state and file his bill to divest the legal title out of John H. Bills, on the ground that the statute of limitations of Mississippi had extinguished the debts of the ladies from whom he had borrowed money?

We have only to say that these attaching creditors stand in no better or other position than McNeal, their debtor, and the case of *Nolan* v. *Snodgrass* (70 Miss., 794), is directly in point, as McNeal could not invoke the statute without the payment of the debts, neither could the attaching creditors, through him, through his title, and in his name accomplish the same result.

Argued orally by *St. John Waddell,* for appellants, and *Josiah Patterson,* for appellees.

CALHOON, J., delivered the opinion of the court.

The fundamental mistake of appellants is the idea that un-

der our statute the mere lapse of the time required to bar the remedy bars it, and extinguishes the right, whether the debtor chooses to plead it or not. This is an erroneous view. The statute never operates to extinguish the right unless it is pleaded. But McNeal has not pleaded it. In fact, he refuses to plead it, and none can compel him to do so, and, as a consequence, the remedy is not barred, and the right is not extinguished. The debts being in full force, McNeal alone can plead the bar. His creditors cannot make him plead it, as it is his personal privilege to do so or not, as he pleases; and appellants' rights cannot rise higher than those of the secured creditors where he refuses to plead the bar. On the subject of the statute of limitations, applicable here, we simply refer to *Bower* v. *Henshaw,* 56 Miss., 619; *Robinson* v. *Moore,* 76 Miss., 89, 23 South., 631; *Kennard* v. *Alston,* 62 Miss., 763; *Hunt* v. *Belknap,* 78 Miss., 76, 28 South., 751.

By the deed of March 27, 1900, duly recorded, Bills held the legal title to the lands which were attached in 1902. He says he holds it in trust for the security of appellees, creditors of McNeal. The attaching creditors are in the shoes of McNeal, and can have no higher rights than he, and equity would not listen to a prayer by him to annul Bills' title without offering to pay the secured creditors.

Appellants and appellees are all creditors of McNeal, and their claims and rights must not be confused with claims and rights which might be well asserted by creditors of Bills against his concealed beneficiaries. The distinction is obvious, and with it in mind the solution of the question in this record is easy. A sale by Bills to a purchaser without notice would, of course, carry the title, and so an attachment by a creditor of Bills would outrank all these Tennessee people. But the controversy between themselves presents a very different case, all being genuine creditors of McNeal. Code 1892, § 4230, has no

pertinency to this contest in the category of the parties in this case.

*Affirmed and remanded, with sixty days to appellants to answer the crossbill after mandate filed below.*